

December 26, 2013

**MEMORANDUM**

FILED
IN CLERK'S O...
US DISTRICT COU...
★ FEB 18 2014
BROOKLYN OFFICE

To: The Honorable Frederic Block, Senior U.S. District Judge

From: Robert W. Anton, Senior U.S. Probation Officer 347 534-3466

Re: Frank Lastorino, Dkt. # 90-CR-446(S-4)-3, Early Termination: Request for Court Guidance

The above-captioned individual was originally sentenced by the Honorable Eugene H. Nickerson, Senior U.S. District Court Judge, on September 16, 1994, to a custodial term of 216 months, followed by a 21- year term of supervised release. Lastorino pled guilty to the following counts as detailed below:

Count 1 – 18 USC 1962(c), RICO, a Class A felony

Count 2 – 18 USC 1962(d), RICO Conspiracy, a Class A felony

Count 14 – 18 USC 1959(a)(5), Conspiracy to Murder Members of the Accetturo Crew, a Class C felony

Count 20 – 18 USC 1959(a)(5), Conspiracy to Murder Bruno Facciola, a Class C felony

Count 21 – 18 USC 1959(a)(1), Murder of Bruno Facciola, a Class A felony

Count 22 – 18 USC 1959(a)(5), Conspiracy to Murder Larry Taylor and Al Visconti, a Class C felony

Count 23 – 18 USC 1959(a)(1), Murder of Larry Taylor, a Class A felony

Count 25 – 18 USC 1959(a)(5), Conspiracy to Murder Peter Chiodo, a Class C felony

Count 26 – 18 USC 1959(a)(5), Attempted Murder of Peter Chiodo, a Class C felony

Count 68 - 18 USC 1951, Conspiracy to Extort Money from Northberry Concrete, Inc., a Class C felony

**Lastorino Dkt.#: 90-CR-446(S-4)-3**

Count 72 – 18 USC 371, Conspiracy to Impede the Collection of Income Tax, a Class D felony

Lastorino completed the custodial portion of his sentence on December 23, 2008, at which time his 21-year period of supervised release commenced. On September 8, 1997, the case was assigned to Your Honor.

At this time, we write to respectfully request that Your Honor grant Lastorino early termination from supervision based on our position that the supervised release portion of Judge Nickerson's sentence was legally impermissible. We believe the consecutively imposed supervised release terms run contrary to statute 18 USC 3624(e), which states, in part, "*the term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, state or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.*"

In this case, Judge Nickerson imposed a 21- year period of supervised release. However, at the time of sentencing, as per 18 USC 3583(a) & (b)(1), the maximum period of supervised release available for each Class A felony that Lastorino pled guilty to was five (5) years. Furthermore, the maximum period of supervised release available for each Class E felony that Lastorino pled guilty to was three (3) years. Therefore, the maximum term of supervised release that Lastorino faced at the time of sentencing was five (5) years, as the available statutes indicate, and not the 21-year term that was imposed.

### Adjustment to Supervision

Lastorino has made a satisfactory adjustment to community supervision since his release in December 2008. Specifically, he has been compliant with all release conditions, and more importantly, we have uncovered no information suggesting that he has associated with the Luchese Crime Family while under court supervision. He presently resides with his wife in her private home in the Howard Beach section of Queens. The home is under foreclosure. He subsists on social security benefits.

### Recommendation

The Probation Department requests direction from the Court as to the appropriateness of the supervised release portion of Judge Nickerson's sentence. Should Your Honor concur that the sentence was improper and contrary to statutory requirements, we respectfully recommend that Your Honor grant Lastorino early termination from his supervised release term. We also would like to apprise the Court that 18 USC 3583(e)(1) states, "*The Court may terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release, pursuant to the Federal Rules of Criminal Procedure, relating to the modification of the conditions of probation, if it is satisfied that such action if it is warranted by the conduct of the person released and the interest of justice.*"

**Lastorino Dkt.#: 90-CR-446(S-4)-3**

In making this recommendation, the Probation Department in no way intends to minimize the seriousness of the underlying offense, and the impact Lastorino's actions have had on the victims and their families. However, we believe that, based upon our review of the applicable statutes, the supervised release portion of Judge Nickerson's sentence was contrary to statutory requirements and that Lastorino should be granted early termination from supervised release immediately.

We respectfully request that you indicate a reply below. We have attached a copy of the pre-sentence report, judgment and commitment order for the Court's review.

☒ Discharge the offender from supervision effective immediately

☐ Continue the offender on supervision

_____    2/18/14
Frederic Block, Senior U.S. District Court Judge    Date