# UNITED STATES DISTRICT COURT

for

EASTERN DISTRICT OF NEW YORK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**

(Probation Form 49, Waiver of Hearing is Attached)

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 30 2014 ★

BROOKLYN OFFICE

Name of Offender: Michael Desantis                                      Case Number: 90-CR-446(S-4)-06

Name of Sentencing Judicial Officer: The Honorable Eugene H. Nickerson, United States District Judge

***Case assigned to the Honorable Frederic Block, Senior U.S. District Judge on April 14, 2004

Date of Original Sentence: October 14, 1994

Original Offense: Count 1: RICO, 18 USC 1962 (c), a class A felony; Count 2: RICO Conspiracy, 18 USC 1962 (d), a class A felony; Count 5: Conspiracy to Murder Angelo Sigona, 18 USC 1959 (a)(5), a class C felony; Count 6: Murder of Angelo Sigona, 18 USC 1859(a)(1), a class a felony; Count 9: Conspiracy to Murder Julius Calder, 18 USC 1959 (a)(5), a class C felony; Count 12: Conspiracy to Murder John Morrissey, 18 USC 1959 (a)(5), a class C felony; Count 13: Murder of John Morrissey, 18 USC 1859(a)(1), a class A felony; Count 14: Conspiracy to Murder Anthony Accetturo, Sr., Anthony Accetturo, Jr., and Joseph Lamorte, 18 USC 1959 (a)(5), a class C felony; Count 15: Attempted Murder of Joseph Lamorte, 18 USC 1959 (a)(5), a class C felony; Count 16: Conspiracy to Murder Joseph Martinelli, , 18 USC 1959 (a)(5), a class C felony; Counts 67 & 68: Extortion Conspiracies, 18 USC 1951, a class c felony; Count 69: Conspiracy to Obtain Labor Payoffs, 18 USC 371, a class D felony and Count 72, Conspiracy to Impede the Collection of Income Tax, 18 USC 371, a class C felony.

Original Sentence: 252 months custody followed by a five year period of supervised release.

Type of Supervision: Supervised release                Date Supervision Commenced: June 28, 2010

---

## PETITIONING THE COURT

☑   To modify the conditions of supervision as follows:

Until June 27, 2015, the defendant shall be confined to his/her residence, commencing on a date approved by the U.S. Probation Office. The defendant shall be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay.

**CAUSE**

Case 1:90-cr-00446-FB Document 1200 Filed 09/30/14 Page 2 of 4 PageID #: 161

*Prob 12B - Request for Modifying the Conditions or Term of Supervision with Consent of the Offender*     Page 2
*Michael Desantis*     PACTS:58605     Case Number: 90-CR-446(S-4)-06

On June 16, 2014, we conducted a routine home inspection at Desantis' residence in Brooklyn. At that time, he admitted that he violated his release conditions by associating twice with John Castellucci to resolve what he vaguely described as business matters pertaining to an African diamond import business deal and Arco Sprinkler, a company for which he had a business interest in. We advised him that we needed to investigate and corroborate these admissions prior to taking any action.

We subsequently contacted the Federal Bureau of Investigation (FBI) to ascertain if they conducted any surveillances involving Castellucci, a Captain in the Family. After reviewing old pictures of unidentified individuals, agents forwarded us a picture of Desantis and Carmine Avellino, Desantis' Captain, meeting at a diner on Long Island on May 7, 2014, for positive identification of Desantis. We positively identified Desantis. Agents advised that they conducted physical surveillance of the La Parma Restaurant, 707 Willis Avenue, Williston Park, NY, on May 7, 2014, and observed the offender meet with Avellino, Castellucci and Cerella from approximately 12:15 to 1:30PM.

We feel confident in our assessment that this meeting was not some incidental get together for old friends to talk about old times. It is clear that based on the reputed status of all the participants, this was a meeting to discuss illegal criminal activity in furtherance of the Luchese Crime Family. Specifically, according to law enforcement sources, Desantis is a reputed Soldier in the Family and he reports directly to Carmine Avellino, his Captain. Cerella is also a Soldier in the Family and he reports directly to John Castellucci, his Captain. Based on our knowledge of mob protocol, it is clear that Desantis and Cerella had a dispute over illegal criminal activity which required their respective Captains to resolve in a meeting. This was the classic mob "sitdown." This conduct is something we repeatedly warned Desantis not to engage in if he wanted to successfully complete supervision. In fact, at the onset of supervision, Desantis signed the an Association Contract for which he agreed not to meet with Avellino and Cerella.

Normally, the Probation Department would recommend incarceration for a violation involving an organized crime offender meeting with other organized crime members. However, in this particular case, we feel that Desantis has legitimate health needs and concerns that preclude him from being incarcerated. Specifically, he recently had total shoulder replacement on his right shoulder and is presently convalescing at home. Furthermore, Desantis is scheduled to have the same surgery on his left shoulder in November. In light of the six-month recovery period and his pending termination date of June 28, 2015, we believe the best course of action in this particular case is to place Desantis on strict location monitoring for the remainder of his supervision term. This will simultaneously provide adequate sanction for the violation conduct while allowing him the opportunity to continue his medical care with his orthopedist.

Desantis has agreed to the proposed modification, as evidenced by his signature on the attached Probation Form 49 waiver. If the Court concurs with our recommendation, please check the appropriate box below and sign in the provided space.

Respectfully submitted,

Robert W. Anton
U.S. Probation Officer
Date: September 30, 2014

Approved by,

Mark Gjelaj
Supervising U.S. Probation Officer
Date: September 26, 2014

Case 1:90-cr-00446-FB   Document 1200   Filed 09/30/14   Page 3 of 4 PageID #: 162

*Prob 12B - Request for Modifying the Conditions or Term of Supervision with Consent of the Offender*                                    *Page 3*
Michael Desantis                     *PACTS:58605*                Case Number: 90-CR-446(S-4)-06

## THE COURT ORDERS:

☒ The modification of conditions as noted above.
☐ No Action.
☐ Other

/s/ USDJ Block
_____
Signature of Judicial Officer

9/30/14
_____
Date

PROB 49
(8/13)SWPA

# United States District Court

EASTERN DISTRICT OF NEW YORK

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*Until June 27, 2015, the defendant shall be confined to his/her residence, commencing on a date approved by the U.S. Probation Office. The defendant shall be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay.*

Witness _____
Robert W. Anton
*(U.S. Probation Officer)*

Signed _____
Michael Desantis
*(Probationer or Supervised Releasee)*

9-26-14
*(Date)*